IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


ANTHONY HAWKINS 1ST,

       Petitioner,

v.                                               CASE NO. 1:07-cv-213-MMP-AK

WALTER A. MCNEIL,[1]

       Respondent.

_____/


## **O R D E R**

       This matter is before the Court on Doc. 17, Amended Petition for Writ of Habeas Corpus. Petitioner has been granted leave to proceed IFP.  The Court has reviewed the amended petition, and Respondent will therefore be required to file an answer or other pleading within the time set by this order.[2]  *See* § 2254 Rules 4 and 5.  If an answer is filed, it shall be in compliance with § 2254 Rule 5.  If a response is filed which raises a procedural argument not going to the merits, Respondent may await a ruling on that defense before filing an answer on the merits. Alternatively, Respondent may proceed directly to the merits without necessarily waiving the exhaustion requirement.  *See* 28 U.S.C. §§ 2254(b)(2) and 2254(b)(3).

_____

       [1]James McDonough is no longer the Secretary of the Florida Department of Corrections, and his successor, Walter McNeil, will be substituted in his stead as the proper respondent.

       [2]The Court had previously ordered a response, but the order allowing the amendment of the petition essentially mooted the previously imposed deadlines.  Furthermore, although the Court knows that the Clerk sent the original petition and order setting deadlines to Respondent and the Attorney General, *see* Doc. 13, there is no record that those documents were delivered, and thus, the Court believes it appropriate to order certified service on Respondent and counsel once again.

Petitioner may file a response to Respondent's arguments within the time set by this order, but he is not required to do so.  Upon receipt of the Respondent's arguments and Petitioner's response (if any), the court will review the file to determine whether an evidentiary hearing is required.  An evidentiary hearing will not be required unless consideration of disputed evidence outside the state court record appears necessary to the court.  If it is determined that an evidentiary hearing is not required, the court will dispose of the petition as justice requires pursuant to § 2254 Rule 8(a).

The Court has also reviewed the motion for appointment of counsel.  Having carefully considered the matter, the Court finds the motion is not well taken, Petitioner having stated no sufficient reason for appointing counsel.

Accordingly, it is **ORDERED:**

That Walter A. McNeil is hereby **SUBSTITUTED** in stead of James McDonough as the proper respondent;

That the clerk shall furnish by certified mail, return receipt requested, a copy of the amended petition for writ of habeas corpus, Document 17, and this order to Respondent and the Attorney General of the State of Florida;

That Respondent shall file an answer or other pleading on or before **May 19, 2008;**

That Petitioner shall have until **June 19, 2008**, to file a response, if desired.

**DONE AND ORDERED** this _**10**_<sup>th</sup>  day of March, 2008.

> ### _s/ A. KORNBLUM_
> **ALLAN KORNBLUM**
> **UNITED STATES MAGISTRATE JUDGE**

*Case No: 1:07-cv-213-MMP-AK*