IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTHONY HAWKINS 1ST,

    Petitioner,

v.                                                                CASE NO. 1:07-cv-213-MP-AK

WALTER MCNEIL,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 28, Respondent's motion to dismiss Ground 2 of the petition for writ of habeas corpus. Petitioner has filed his response. Doc. 31. The motion is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the motion be denied.

In Ground 2 of the petition, Petitioner charges that counsel rendered ineffective assistance of counsel when he failed to file a motion to dismiss "due to the State recanting the facts of the case showing no crime was committed." Doc. 17 at 7. The factual basis of this claim involves statements made by the prosecutor at two hearings. According to Petitioner, in the first hearing, the prosecutor stated that the minor was not a willing participant in the sexual contact; however, in the second hearing, he "agree[d]" that the minor was a willing participant. In Petitioner's view, counsel was ineffective because he "allowed the State Court to convict him on facts and allegations that were not charged in the State's information" and he "should have filed a motion to dismiss." If counsel had sought dismissal of the charges, "there would have been a reasonable probability the State Court would have discharged the Petitioner from the

charged offense." *Id*.

In his motion to dismiss, Respondent argues that this claim was not exhausted in state court and therefore is procedurally barred. While Respondent concedes that Petitioner "raised an ineffectiveness claim pertaining to the State's alleged recantation" in Ground Nine of his Rule 3.850 motion for post-conviction relief, Doc. 28 at 6, he nevertheless maintains that because the post-conviction claim and the appeal issue on this claim did "not include the same, specific allegations" raised in the instant amended petition, the claim must be dismissed.

Respondent's motion is meritless. In Ground Nine of the state court post-conviction motion, Petitioner charged that counsel was ineffective when he "failed to file motion(s)/bring to the court's attention that the prosecutor errored and recanted information that was vital and caused incarceration violating Due Process." Doc. 29, Ex. Q at 38-39 of 77. He then quoted the statements allegedly made by the prosecutor at the two hearings as noted above. *Id*.

In denying post-conviction relief, the state court first noted that Petitioner did "not deny having sexual activity with the minor victim" but believed that consent was a defense. Doc. 29, Ex. Q at 21 of 87. It then turned to each ground for relief, finding, in pertinent part:

> As to ground (ix), Defendant alleges that trial counsel was ineffective for failure to bring prosecutor's "recantation" to the court's attention. In the May 2005 hearing, the State argued that there was not enough evidence to indicate that the victim was a willing participant in the charged offense. After Defendant was subsequently allowed to withdraw his plea, the State allegedly conceded that the victim consented to sexual activity with Defendant. Defendant fails to allege how this affected his decision to enter a plea. The fact that the State changed its position as to whether the sexual activity was consensual was known to Defendant at the time he entered his plea. Defendant fails to show error by counsel or prejudice. This ground is without merit.

at 26-27 of 87. The court subsequently advised that "consent is not a defense to sexual activity with a minor." *Id*. at 28 of 87.

On appeal, Petitioner charged that as to Ground Nine, "counsel(s) were ineffective in that

they failed to object/file motion(s) that the prosecutor used unethical measures and perjury to subdue the Petitioner, by lieing May 12th 2005 violating Due Process clause, changing the outcome of the Hearing and making the proceeding bear heavily on the petitioner, and recanted...." Doc. 29, Ex. R at 8 of 45.  The ellipses are in the original, but the Court can find no further continuation of the issue in any of the documents before it.  The court of appeal affirmed without written opinion.

Before seeking habeas relief in this Court, a petitioner must exhaust his available state court remedies, "giving the state the [first] opportunity to correct its alleged violations of federal rights."  *Darity v. Secretary, Department of Corrections*, 244 Fed. Appx. 982, 983 (11th Cir. 2007).  To fully exhaust those state remedies, "the federal claim must be fairly presented to the state courts," and it must be "the same claim."  *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*).  When he later presses his claims in federal court, the habeas petitioner is not required to give the court "a verbatim restatement of the claims brought in state court" but only to show that he "presented his claims to the state court 'such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation.'"  *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (citation omitted).  In the context of ineffective assistance of counsel claims, the petitioner "may not present instances of ineffective assistance...in his federal petition that the state court has not evaluated previously."  To complete the exhaustion process, he must then give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

While the Court can agree that the language used in the instant petition, the post-conviction motion, and the notice of appeal is not identical, it cannot agree that the three

documents do not contain the "same, specific allegations." Petitioner is not an attorney, and he is not held to the standard of one. When viewed from the perspective of the "reasonable reader," this Court has no trouble in finding that Petitioner's claim in the state court pleadings and the instant petition is one of ineffective assistance of counsel involving counsel's failure to challenge the State's alleged change in position regarding whether the minor victim consented to the sexual contact. Whether he has pled sufficient facts to prevail on the claim or to overcome the deference which the law affords the state court's rejection of the claim is another matter entirely and not before the Court at this time. In short, the Court believes that Ground 2 was exhausted in state court, and therefore, Respondent's motion to dismiss should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, Doc. 28, be **DENIED**, and this cause be **REMANDED** to the undersigned for further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this *7th* day of January, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 1:07-cv-213-MP-AK*