IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANTHONY HAWKINS
Petitioner,

v. CASE NO. 1:07-cv-213-MP-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

Respondent.
_______________________________/

**REPORT AND RECOMMENDATION**

This case is before the Court on Doc. 49, Petitioner's *pro se* Second Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petition stems from Petitioner's negotiated nolo contendere/guilty plea to one count of lewd or lascivious battery on a child under 16 years of age, but 12 years of age or older, for which Petitioner received a sentence of 16 months imprisonment, with credit for time served, followed by three years of sex-offender probation. Petitioner violated the conditions of probation, and was sentenced to seven years' imprisonment. Petitioner was released from confinement on June 24, 2011, but is presently confined in the Alachua County Jail on a charge of failing to register as a sex offender, a condition of his sentence.

Respondent filed a response to the Second Amended Petition (hereafter "Petition") and an appendix with relevant portions of the state-court record, and Petitioner filed a reply.[1] Docs. 61, 63. Upon due consideration of the Petition, the

---

[1]Due to an inadvertent docketing error, it appears that Respondent responded to a version of the Petition that did not include Petitioner's fifth and sixth grounds for relief. The record is sufficient to address those grounds without requiring further response.

Response, the Reply, and the state-court record, the undersigned recommends that the Petition be denied.[2]

**State-Court Proceedings**

The relevant portions of the record may be summarized as follows. On November 24, 2004, an information was filed in state trial court charging Petitioner with lewd or lascivious battery on a child under 16 years of age, but 12 years of age or older. App. Exh. Q at 77.[3] On May 9, 2005, Petitioner entered an open plea to the charge, acknowledging that he faced a maximum sentence of 15 years imprisonment. The victim testified at the sentencing hearing on May 12, 2005, regarding the facts underlying the offense, and the parties discussed certain physical evidence in the case, including an examining nurse's testimony that the victim did not have injuries apart from redness around her vagina. An issue arose as to whether the court could depart downward in Petitioner's sentence if the court found that the victim consented to sexual contact. The court concluded that it could not. The court determined that it should impose a 94.8-month sentence, but then deferred sentencing because Petitioner had not waived preparation of a presentence report. *Id*. Exh. B, C.

On May 27, 2005, Petitioner filed a *pro se* motion to withdraw his guilty plea,

---

[2] Petitioner filed a motion for leave to file a third amended petition, which has been denied by separate order. Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

[3] The information alleges that Petitioner "in Alachua County, Florida on or about July 24, 2004, did knowingly commit lewd or lascivious battery on D.S., a person under sixteen (16) years of age, but twelve (12) years of age or older, to wit: D.O.B. 6/17/89, by causing his penis to unite with and/or penetrate the vagina of D.S., contrary to Sectoin 800.04(4), Florida Statutes."

alleging that his appointed counsel had not investigated his case properly and that he did not commit the charged offense. *Id*. Exh. D. At the scheduled sentencing hearing, at which Petitioner was represented by different counsel, the court considered Petitioner's motion to withdraw his plea and whether Petitioner was competent to proceed. The court noted that prior to the hearing Petitioner had filed with the court a *pro se* "statement of the case and facts" in which Petitioner admitted, under penalty of perjury, that he had sexual contact with the victim. *Id*. Exh. E, N at 9-15. The court appointed new counsel for Petitioner, and counsel filed another motion to withdraw the plea on the ground that at the time Petitioner entered his plea he misunderstood the permissible sentencing range and believed that the court could deviate below the minimum guideline sentence. *Id*. Exh. G. The court granted the motion to withdraw. *Id*. Exh. H.

On May 23, 2006, Petitioner entered a negotiated plea of guilty/nolo contendere to the charge. Exh. TT at 26. Petitioner's plea agreement provided that the State and Petitioner's counsel, Lloyd Vipperman, would recommend a 16-month sentence with credit for 435 days served, followed by three years of sex offender probation. Petitioner executed the plea petition under penalty of perjury, and acknowledged that he was waiving his constitutional rights to persist in a not guilty plea and proceed to trial, as well as other specified constitutional rights. Petitioner averred that his attorney had properly investigated all witnesses and defenses available to Petitioner, and that he believed that a plea was in his best interest even though he maintained his innocence. Based upon Defendant's testimony in open court and other factors, the court found that Petitioner's plea was freely, knowingly, and voluntarily entered, that there was a factual

basis to support the plea, and that Petitioner was represented by competent counsel. The court accepted the plea, adjudicated Petitioner guilty, and imposed the recommended sentence. *Id*. Exh. I; TT.[4] Petitioner did not appeal.

On December 7, 2006, Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850. *Id*. Exh. Q. Petitioner raised 23 grounds for relief in his motion, including a number of claims of ineffective assistance of counsel. The trial court summarily denied the motion. The court assessed Petitioner's ineffective-assistance claims under *Strickland v. Washington*, and concluded that Petitioner had failed to show there was a reasonable probability that but for counsel's alleged errors he would not have entered a plea and would have proceeded to trial. The First DCA per curiam affirmed, without opinion. *Id*. Exh. Q, W. Petitioner unsuccessfully pursued other postconviction motions.

In June 2007, Petitioner was charged with violating his conditions of probation. The docket reflects that Petitioner admitted the violations, and was sentenced to seven years imprisonment. *Id*. Exh. K-M.

In the instant Petition, which Respondent concedes is timely, Petitioner asserts six claims: (1) his counsel failed to object to the State's withholding of favorable evidence in violation of *Brady*[5], and if Petitioner had gone to trial the jury "would have been able to infer from the evidence Petitioner was not guilty . . . [b]ecause during the alleged offense the Petitioner was not a willing participant," (2) his counsel should have filed a motion to dismiss because at the October 7, 2005, hearing on his motion to

[4]The record does not reflect that Petitioner's second plea proceeding was transcribed.

[5]*Brady v. Maryland*, 373 U.S. 83 (1963).

withdraw his first guilty plea the State conceded that the victim was a “willful participant” in the offense; (3) counsel failed to file a notice of expiration of the speedy trial deadline; (4) counsel failed to file a motion to dismiss the information, which lacked specificity and charged Petitioner with an offense (vaginal penetration of the victim) that did not occur; (5) the trial court lacked jurisdiction because the record shows that the offense charged in the information did not occur; and (6) the trial court lacked jurisdiction because the speedy trial period had expired.

**Section 2254 Standard of Review**

For properly exhausted claims, there are limitations on the scope of this Court's review. Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication “resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” Under § 2254(e)(1), “a determination of a factual issue made by a State court shall be presumed to be correct,” and the petitioner “shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.”

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim “resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.” § 2254(d)(1). “[C]learly established Federal law, as determined by the Supreme Court of the United States,” refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts

applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also, Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams* ). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams,* 529 U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8 (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652 (2004).

**Collateral Review of Constitutional Claims**

By entering a voluntary plea, a defendant waives several rights, including the right to a jury trial, to the assistance of counsel, to raise a defense, and to confront his accusers. *Boykin v. Alabama*, 395 U.S. 563, 573 (1989). Further, a voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea, including claims of ineffective-assistance that do not attack the voluntariness of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). A plea of nolo contendre is recognized as the equivalent of a guilty plea in Florida. *See* Fla. R. App. P. 9.140(b)(2).

Because Petitioner's claims raise the issue of counsel's effectiveness, a review of *Strickland* is appropriate. To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

Further, in the guilty plea context, to show prejudice Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The requirement of a showing of prejudice in the guilty-plea context serves "the fundamental interest in the finality of guilty pleas." *Id*. at 58. The inquiry as to whether a reasonable probability exists that a defendant would have insisted on going

to trial "should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 60 (quoting *Evans v. Meyer*, 742 F.2d 371, 375 (7th Cir. 1984)).

When, as here, the state courts have denied an ineffective assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 786 (2011). The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1). As the Supreme Court explained, error alone is not enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington*, 131 S.Ct. at 785 (quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 786.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated the other way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts

with [the Supreme] Court's precedents" may relief be granted. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 788. When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied Strickland's deferential standard." *Id*. Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.

**(1) Ineffective Assistance Regarding *Brady* Material**

Petitioner contends that he was denied the effective assistance of counsel because counsel failed to file discovery motions and the State withheld "medical reports from Nurse Norton, the forensic nurse examiner, the complainant's consent form, and the blood and urine test results. Further the State withheld the Sheriff's supplemental incident report of the sexual assault kit." Petitioner alleges that such evidence "showed there was no sexual assault and at the time of the offense the complainant was intoxicated and fabricated the allegations against the Petitioner." Doc. 49 & memorandum.[6]

The state court rejected this claim on postconviction review because Petitioner failed to show that the information was exculpatory, and Petitioner was aware of the

[6] Respondent argues that this claim differs in some respects from the way it was presented in the state court, and therefore that this claim is unexhausted. Because it is clear that Petitioner is not entitled to relief on the merits of this claim, it is unnecessary to address Respondent's exhaustion argument. *See* 28 U.S.C § 2254(a)(2) (petition may be denied on the merits notwithstanding any failure to exhaust.

evidence before he entered his final guilty plea. App. Exh. R.

Even if Petitioner's *Brady* claim was not waived by entry of his guilty plea,[7] Petitioner has failed to establish that a constitutional violation occurred. In *Brady*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. Three elements establish a *Brady* violation: (1) the evidence must be favorable to the accused, because it is either exculpatory or impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the evidence must be material so as to establish prejudice. *Banks v. Dretke*, 540 U.S. 668, 691 (2004). Evidence "favorable to an accused" includes both impeachment evidence and exculpatory evidence. *United States v. Bagley*, 473 U.S. 667, 676 (1985). Evidence is material if it creates "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Id.* at 682 (citing *Strickland*, 466 U.S. at 694); *see also Brown v. Head*, 272 F.3d 1308, 1316 (11th Cir.2001) ("The prejudice component of an ineffective assistance claim and the materiality component of a *Brady* claim both require the same thing ... a reasonable probability of a different result in the proceeding."). In the context of this case, the materiality element is satisfied if Petitioner establishes a reasonable probability that, but for the State's non-disclosure, he would not have pled guilty and

[7] *See United States v. Matthews*, 168 F.3d 1234, 1242 911th Cir. 1999) (declining to decide whether guilty plea waives *Brady* claim).

would have insisted on going to trial.

Petitioner has failed to show that the state court erred in rejecting this claim because Petitioner did not demonstrate that the evidence was exculpatory. In this case, Petitioner has likewise failed to explain how the evidence is exculpatory. Conclusional assertions that the evidence is exculpatory are insufficient to warrant federal habeas relief. Further, Petitioner has failed to show any error in the state court's finding that Petitioner was aware of the evidence prior to entering his final guilty plea on May 23, 2006. The record reflects that issues regarding inconsistencies in the victim's statements and the forensic evidence against Petitioner, including the results of Nurse Norton's examination, were explored on the record at Petitioner's May 12, 2005, sentencing hearing prior to withdrawal of his first plea.

On this record, the Court is not persuaded that there is a reasonable probability that Petitioner would have insisted on going to trial but for counsel's failure to obtain any additional evidence. As the trial court determined, Petitioner admitted on the record in a statement submitted under penalty of perjury that he had sexual contact with the victim. *See* App. Exh. N. In rejecting Petitioner's second Rule 3.850 motion, the court stated "[e]ven if the victim lied about being vaginally penetrated, Defendant has never denied that the minor victim performed oral sex on him." Pursuant to the statute under which Petitioner was convicted, "[a] person who . . . [e]ngages in sexual activity with a person 12 years of age or older but less than 16 years of age . . . commits lewd or lascivious battery," and "sexual activity" is defined to include oral sexual contact. App. Exh. Z (quoting Fla. Stat. § 800.04(1)(a) &(4)). Given that Petitioner faced a maximum sentence of 15 years imprisonment if found guilty at trial, it is clear that he received a

highly favorable sentence by entering into a negotiated plea. Petitioner acknowledged under oath in his plea petition that the plea was in his best interests. Petitioner has failed to show that the state court's rejection of this claim is contrary to, or an unreasonable application of, *Brady* or *Strickland*.

**(2) Counsel's Failure to File a Motion to Dismiss**

Petitioner contends that his counsel should have moved to dismiss the case when the State "conceded" at the October 7, 2005, hearing on Petitioner's motion to withdraw his first plea that a sexual assault did not occur. This claim stems from statements that the prosecutor allegedly made regarding whether the victim consented to sexual contact with Petitioner. *See* App. Exh. Q. The state court rejected this claim because "[t]he fact that the State changed its position as to whether the sexual activity was consensual was known to Defendant at the time he entered his plea. Defendant fails to show error by counsel or prejudice." *Id*.

The Court agrees that Petitioner has failed to show that counsel had any basis for moving to dismiss the case; since victim consent is not a defense to the crime such a motion would have been fruitless. Petitioner entered his guilty plea in May 2006, notwithstanding that he knew of the State's alleged change of position regarding the victim's consent. On this record, there is no reasonable probability that Petitioner would have insisted on going to trial but for counsel's failure to file a baseless motion to dismiss. Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of, federal law, or an unreasonable determination of the facts.

**(3) & (6) Expiration of Speedy Trial**

Petitioner alleges that he told his counsel to file a notice of expiration of speedy trial, and counsel failed to do so. He also alleges that the state court lacked jurisdiction because the speedy trial period had expired. Doc. 49.

The state court rejected this claim because Petitioner waived his speedy trial rights. The record supports this conclusion. Petitioner executed a waiver of speedy trial and the waiver was filed by his counsel. *See* App. Exh. Q (court's order rejecting postconviction motion, and attaching Petitioner's waiver of speedy trial). Thus, there was no basis for later counsel to file a notice of expiration of the speedy trial period. Petitioner has failed to show that counsel's failure to file such a baseless motion played any role in his decision to plead guilty. He has therefore failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of, federal law, or an unreasonable determination of the facts.

**(4) & (5) Sufficiency of the Information**

Petitioner contends that his counsel rendered ineffective assistance for failing to move to dismiss the information which alleges that Petitioner committed the crime against the victim by penetration and allegedly lacks specificity in other respects. He argues that the state court lacked jurisdiction because the indictment was insufficient. Doc. 49. The state court rejected this claim because it found that the information was sufficient under state law. App. Exh. Q. at 73.

The sufficiency of a state indictment or information is not a matter for federal habeas corpus relief unless it can be shown that the indictment or information is so defective that the convicting court had no jurisdiction. *Murphy v. Beto*, 416 F.2d 98 (5th

Cir. 1969); *Branch v. Estelle*, 631 F.2d 1229 (5th Cir. 1980). In this case, the information was determined to be sufficient under state law. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief because no federal constitutional question is presented. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Petitioner has failed to show that the information was defective such that the court lacked jurisdiction. Based on the state court's interpretation, it is clear that any motion to dismiss the information on sufficiency grounds would have been unsuccessful. Petitioner has failed to show that his counsel rendered ineffective assistance in this regard, and has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of, federal law.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the Petition for a Writ of Habeas Corpus, Doc. 49, be **DENIED,** and that a certificate of appealability be **DENIED**.

**IN CHAMBERS** this 31st day of August 2011.

s/Gary R. Jones
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**